UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>Plaintiff,<br><br>M. RICHARD, et al.,<br><br>Defendants. | No. 2:17-cv-00149 JAM GGH<br><br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested to have a default judgment entered against all named defendants for their failure either to challenge his request to have the Clerk of the Court enter default, ECF No. 12. The matter was scheduled for hearing on August 3, 2017. ECF No. 17. On July 19, 2017, the named defendants filed an Opposition to the Motion for Default Judgment, ECF No. 18. The court will determine the matter without the need for a hearing by this Order.

*PROCEDURAL BACKGROUND*

Plaintiff filed his original Complaint on January 24, 2017, ECF No. 1, and sought in forma pauperis status om the same date. ECF No. 2. On February 2, 2017 this court granted plaintiff in pauperis status and directed that the United States Marshal should serve process within 90 days of the time he received documents the plaintiff was directed to complete. ECF No. 3.

Sumonses were issued by the Clerk of the Court for all of the named defendants on

1

1  February 2, 2017 and served on plaintiff by mail together with additional documents the court
2  required be served with the complaint.. ECF Nos. 3, 4 and 6.

3  Plaintiff gave notice he had submitted the completed summonses and ancillary documents
4  to the United States Marshal to effect service on February 9, 2017.  ECF No. 6.  On March 2,
5  2017 defendants Jeffrey A. Nichols, Justin A. Thompson and Phillip A. Williams returned a
6  waiver of service through counsel as a result of which these plaintiffs had 60 days from the date
7  of waiver to respond to the Complaint.  ECF No. 7.

8  On March 17, 2017, plaintiff filed a First Amended Complaint against all of the
9  defendants.  ECF No. 8.  Since none of the defendants had yet responded to the Complaint served
10 on them, plaintiff was permitted to do this without seeking court permission pursuant to Federal
11 Rule of Civil Procedure 15(a).  The terms of the Rule indicate that it is expected any such pre-
12 response amendment will be duly served on the defendants thereby triggering their duty to
13 respond.  15(a)(1).  The terms of the Rule indicate that it is expected any such pre-response
14 amendment will be duly served on the defendants thereby triggering their duty to respond.  Id. at
15 (a)(1)(B) .

16 On May 4, 2017 the Marshal returned the summonses[1] served on named defendants Sean
17 D. Kent, M. Richard, Wesley J. Fish and M. Richard.  ECF Nos. 9, 10.  Thus, it was not until this
18 date that *all* defendants had been served with the original Complaint.  None of them, however,
19 had been served with the Amended Complaint.

20 On June 22, 2017 plaintiff requested that the Clerk of the Court enter default against all
21 defendants for failure to timely respond to his complaint, ECF No. 12, and the Clerk performed
22 this ministerial duty on June 26, 2017.  ECF No. 13.  The plaintiff's request indicates that he is
23 seeking entry of judgment on the originally filed complaint insofar as he refers to the failure of
24 the defendants to "[make] any denials or affirmative defenses of the *original pleading* brought by
25 plaintiff."  (Emphasis added.)  ECF No. 12 at 2:5-8.  The plaintiff thereafter filed his Motion for

---

[1] Most defendants had acknowledged service of the Complaint; however, because the Complaint become inoperative by virtue of the filing of the Amended Complaint, these facts about acknowledgement of not are irrelevant.  See text *infra*.

2

1  Default Judgment, together with a Memorandum of Points and Authorities seeking damages of
2  $250,000 plus actual damages to be proved to the court, against the defendants and stating the
3  ground for the action was that all of the defendants had been duly served by the United States
4  Marshal, the time for Answer had elapsed, and none of the defendants had answered.  ECF No.
5  15.

## *DISCUSSION*

Without addressing all the arguments raised by the defendants formally opposing the Motion for Entry of Default Judgment, the court notes that, at this point, *no* defendant has been served with a complaint as to which a response is due.  This is because when plaintiff filed his First Amended Complaint, the Complaint originally filed, and with which the defendants were served, was superseded by the amendment and thereafter is inoperative.  See. e.g., Pack v. McCausland, 300 Fed.Appx. 541, 2008 WL 4827349 (9th Cir. 2008) . Bullen v. De Bretteville, 239 F.2d 824, 833 (9th Cir. 1956);  McCausland v. Stevens,  224 F.2d 66 *1 (7th Cir. 1955); Ericson v. Slomer, 94 F.2d 437 (7th Cir. 1938); Meyer v. State Board of Equalization, 42 Cal.2d 376 (1954).  Since defendants were served with the original, then superseded and inoperative original Complaint, plaintiff's request for entry of default and motion for default judgment could only be brought on the Amended Complaint as it was the only operative pleading, but as to which the defendants had no notice.[2]

The situation as it now stands is that *no* defendant has been served with the operative Amended Complaint in this action.  For this reason IT IS THEREFORE ORDERED THAT:

1.  The Entry of Default, ECF No. 13, is stricken as improvidently entered;  The Motion for Default Judgment is disregarded as moot; the hearing set for August 3, 2017 on the Motion for Default Judgment is vacated;

2.  Plaintiff, not the United States Marshal, must now serve defendants with the Amended Complaint in order to continue with this action;

3.  Plaintiff shall acquire from the Clerk of the Court, located at 501 I Street, Fourth

---

[2] Parties do not get electronic notice of filings through the Court's electronic filing system until they have filed a document with the court.

Floor, Sacramento, CA 95814, the following documents all of which must be served on each defendant pursuant to Federal Rule of Civil Procedure 4(e):

    a.     One summons for each defendant which plaintiff shall complete;

    b.     The Amended Complaint;

    c.     On copy of this court's Order found at ECF No. 3;

    d.     One copy of this Order for each defendant.

4.     Plaintiff shall complete the service on *all* defendants and notify the court that service has been completed within 45 days of the issuance of this Order;

5.     Failure to comply with this Order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

**IT IS SO ORDERED**.

Dated: July 27, 2017

                            /s/ Gregory G. Hollows
                         UNITED STATES MAGISTRATE JUDGE