UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>Defendants. | No. 2:17-cv-000149 JAM GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*PROCEDURAL HISTORY*

Plaintiff brings this action, initially filed on January 24, 2017, in pro se. ECF No. 1. After summons was issued and service was begun on the original defendants, ECF No. 4, all of the defendants, with the exception of C. Vasilou, who could not be located under that name, ECF No. 10, returned executed summons on May 4, 2017. ECF No. 9. In the interim, however, plaintiff had filed a First Amended Complaint ["FAC"] on March 17, 2017 which is the current operative complaint. ECF No. 8.

Plaintiff sought entry of default against defendants on June 22, 2017, ECF No. 12, and the Clerk of the Court entered default on June 26, 2017. ECF No. 13. Plaintiff then moved for entry of default judgment on June 29, 2017, ECF 14. Both the Clerk's entry of default and the motion for default judgment were stricken by an order of the court dated July 27, 2017, insofar as plaintiff's actions were predicated on defendants' failure to respond to the original Complaint

1

which had been superseded by the FAC with which defendants had not yet been served, and ordered plaintiff to personally serve the FAC. ECF No. 20. Defendants filed a Motion to Dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) filed on August 25, 2017, ECF No. 30, and it is that Motion that is addressed here as well as a Motion to Amend a Second Amended Complaint that plaintiff filed on September 15 2017. ECF No. 33.

Both plaintiff, pro se, and defendants, through counsel, appeared at a hearing held on October 5, 2017. Defendants were represented by Catherine Woodbridge of the California Attorney General's Office. This Findings and Recommendations addresses only the Motion to Dismiss. The end result of the Motion to Dismiss is the recommendation that several defendants and claims be dismissed, and that an amended complaint be filed. In essence, this resolves, or makes moot, the Motion to Amend the FAC. However, to guide plaintiff in the filing of that amended complaint, the Motion to Amend is the subject of a separate order.

*DISCUSSION*

*A. BACKGROUND AND THE FIRST AMENDED COMPLAINT*

Plaintiff complains of several stops by the California Highway Patrol in which he claims that he, an African-American, was racially profiled in that the stop was nothing but a ruse to harass h1im. He claims incidents occurring in 2013, 2014, and 2016. The 2014 incident also involved a search of his car after he was arrested for reckless driving. During this search, some video pornography was found, and possibly child-pornography. Plaintiff's car was impounded, and he was taken to the South Sacramento CHP station. The subject of the inquiry there was not his reckless driving but his possession of pornography as plaintiff was a registered sex offender.

Later, plaintiff's car was the subject of an impoundment search in which child pornography was found. It is not clear on what charges plaintiff was maintained in state custody for a few days, but he was released. However on January 6, 2015, a federal complaint was filed against plaintiff, and he was indicted on child pornography charges on January 22, 2015. 2:15-cr-00016 MCE, ECF Nos. 1, 9. He was ordered detained and remained in federal custody for the duration of his criminal proceedings.

In December 2015, the district court granted plaintiff's motion to suppress[1] what was found in the impoundment search of his car because of its improper impoundment.[2] The indictment was dismissed on February 25, 2016. The United States appealed this decision, but quickly dismissed the appeal. Plaintiff had been released from federal custody in late December 2015 in conjunction with decision on the motion to suppress.

The FAC raised federal claims under 42 U.S.C. section 2000d (prohibiting discrimination in government programs receiving federal assistance) and 42 U.S.C. section 1983 (enforcing constitutional prohibitions against discrimination.[3] For purposes of this case, the statutes are substantively coextensive with respect to proof and remedies, Estate of E.H. v. Pasadena, 2010 WL 11508333 *3 (C.D. Cal. 2010) --with one important distinction-- (state entities) have had their Eleventh Amendment sovereign immunity waived under section 2000d (-7), Lonberg v. City of Riverside, 571 F.3d 846 (9th Cir. 2009).

Plaintiff raised a myriad of state law claims which need not be detailed here in that all fall before the state law requirement of having filed a timely state administrative claim.

*B. STATUTE OF LIMITATIONS*

    1. *The Federal Claims*

Plaintiff raises claims emanating from the terms of 28 U.S.C. section 1983 and 42 U.S.C. 2000d, both of which are acts to protect civil rights emanating from the federal Constitution. The same statute of limitations that applies to section 1983 claims applies to claims under section 2000d. Earl v. Clovis Unified School Dist., 2012 WL 5304738 *3 (E.D.Cal. 2012).

---

[1] Much of the background here is taken from the order on the motion to suppress in United States v. Rogers, 2:15 cr 0016 MCE.
[2] The district court found that plaintiff's mother could have picked up plaintiff's vehicle, and the CHP's almost automatic impoundment policy violated the Constitution and established federal law.
[3] The court is puzzled why, after perfunctorily listing all federal claims, defendants chose only to discuss the 42 U.S.C. 1983 claim in the Motion to Dismiss. The Section 2000d claim is important because state entities may be sued in federal court. Plaintiff also made claims pursuant to 42 U.S.C. sections 1981, 1982 and 1986, the Omnibus Crime Control Act. Because plaintiff indicated at hearing that he did not desire to pursue those claims, the undersigned will not *sua sponte* tediously discuss why each claim cannot be pursued. They will be recommended to be dismissed based on plaintiff's representation. Only the section 1983 claims and the section 2000d claim will be discussed.

Insofar as the two federal statutes involved here have no stated limitation periods, and in light of the rulings of the United States Supreme Court and the Ninth Circuit Court of Appeals, "[a]ctions pursuant to 42 U.S.C. § 1983 [and hence section 2000d] are governed by the state statutes of limitations for personal injury actions." Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir.2000), *citing* Wilson v. Garcia, 471 U.S. 261, 275 (1985); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.1999), *cert. denied* 529 U.S. 1117 (2000). In California, the statute of limitations for such actions is two (2) years. See also Cal.Civ.Proc.Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir.2004); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); Beckstrad v. Read, 2017 W: 957210 *1 (9th Cir. 2017).

Under a straight statute of limitations analysis, then, plaintiff's claims under federal law that date back to September 11, 2013, ECF No. 8 at ¶ 27, would be barred as the statute would run on September 10, 2015 and the original complaint herein was not filed until January 24, 2017.[4]

The November 15, 2014 incident would also appear to be barred as the statute would, by its terms, run on November 14, 2016, a little over 2 months before the Complaint was filed. But, California law holds that during the pendency of criminal charges, the personal injury statute of limitations is tolled. Cal. Govt. Code 945.3:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.
>
> ****
>
> Nothing in this section shall prohibit the filing of a claim with the board of a public entity,

---

[4] The text, *infra*, discusses Cal. Government Code 943.5 (pending charges) as tolling the statute of limitations for the November 2014 incident. Even if this tolling provision could be applied to an incident having no relation to the pending charges, i.e., the September 2013 incident, the statute of limitations would have would expired in November 2016. Plaintiff did not bring his action here until 2017.

4

and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2.

The only possible impediment to application of this statute is the applicability of the statute to cases in which criminal charges were not "pending before a superior court." However, in Harned v. Landahl, 88 Supp. 2d 1118, 1121 (E.D. Cal. 1988), Judge Karlton determined that the reference to criminal charges pending before a "superior court" included charges pending before a federal district court. That determination will be applied here.[5]

Applying this tolling statute,[6] and not discussing any state criminal charges resulting from the 2014 arrest, as no party details those here, plaintiff was first under "pending charges" on January 6, 2015. The charges were not dismissed until February 25, 2016. All this time under "pending charges" served to toll the two year statute of limitations. No precise day-by-day tolling analysis need be performed as the Complaint in this case brought in January 2017 is timely by months.

The undersigned will not discuss another tolling statute possibility, Cal.Code Civ. Pro. 352.1 (claims tolled during the time of incarceration) as it is unnecessary, and involves a problematic analysis of whether the incarceration commenced at the time "the cause of action accrued," a requirement for applicability of the section 352.1 tolling statute.

The February 5, 2016 event described by plaintiff is obviously timely without any need for tolling.

Accordingly, the undersigned will recommend that the 2013 event be dismissed as untimely, but Section 1983 claims and Section 2000d claims be found timely brought for the 2014 and 2016 events.[7]

////

---

[5] The court is again puzzled why this tolling statute was not discussed in defendants' moving papers.
[6] The Ninth Circuit in Harding v. Galceran, 889 F.2d 906 (9th Cir. 1989), determined that the first paragraph of Government Code 945.3 was unconstitutional as it applied to federal claims, but that the tolling paragraph remained valid.
[7] As discussed in court, the dismissal of the 2013 event as an active claim does not prohibit use of the 2013 event as evidence in a pattern and practice claim applicable to the non-dismissed claims.

5

2. *State Claims*

In his Ninth through Fourteenth Causes of action plaintiff seeks damages for invasion of various of his state statutory and constitutional rights. ECF No. 8 at ¶¶ 61-80. Defendant seeks dismissal of these claims on the ground that the plaintiff failed to file claims regarding them consistent with the dictates of the California Tort Claims Act, Cal.Gov't Code §§ 810-996.6. ECF No. 30 at 8:22-9:12. Section 902 of this Code requires that any claim against the state must first be filed with the Department of General Services. Section 905.2(b)(2)(B)(3) explicitly states that the claim requirement applies to any claim for money or damages whether based on contract or tort law. Section 911.2. See also Bates v. Franchise Tax Bd., 124 Cal.App.4th 367, 382 (2004)(applying requirement to "claims arising out of negligence, nuisance, breach of statutory duties, intentional wrongs and contract.") and cases cited therein. A plaintiff's failure to allege compliance with the Act bars his action for damages absent a basis to claim an exception that relieves him from the requirement. Here, plaintiff has neither pled compliance with the statute nor argued he should be excepted from it. Both this district court, see Vaughn v. Teran, 2017 WL 4284649 *4 (E.D.Cal. 2017)(even where a parallel federal claim is properly plead, if the action is against a public entity or its employees a claim must be presented as a condition precedent to suit brought under state law), and the Ninth Circuit Court of Appeals, concur that failure to make a timely claim under the California Tort Claims Act bars an action pursuant to state law. Robinson v. County of Los Angeles, 2017 WL 2781586 *1 (9th Cir. 2017); see McKinney v. Chidley, 87 Fed.Appx. 615, 617, 2003 WL 22977076 *1 (9th Cir. 2003).[8]

Under this long established authority defendants' Motion to Dismiss plaintiff's state law claims will be granted.

C. *ELEVENTH AMENDMENT IMMUNITY ISSUES*

Defendants raise immunity issues in two contexts: (1) whether defendant California

---

[8] The tolling provision with regard to incarcerated persons discussed above does not apply to provide relief from the deadlines for claims under the Government Claims Act. Morman v. Dyer, 2017 WL 1233329 *5 (N.D.Cal. 2017) *quoting* County of Los Angeles v. Sup. Ct., 127 Cal.App.4th 1263, 1267 (2005) and *citing* Cal.Civ.Proc. Code §§ 352(b), 352.1(b).

Highway Patrol is immune from suit; and (2) whether CHP officers may be sued in both their official and individual capacities. Defendants' motion is misplaced in the main.

1. *Immunity of the CHP*

As previously discussed, Congress explicitly waived the Eleventh Amendment immunity of the states for violations of Title VI, 42 U.S.C. section 2000d. Thus the California Highway Patrol *is* an appropriate defendant in a claim for injunctive relief *or* damages under this statute. The Motion to Dismiss the CHP from this claim should be denied.

The same is not true for claims based on 42 U.S.C. section 1983. As the United States Supreme Court declared in 1990,

> "The Eleventh Amendment states: 'The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or Citizens or Subjects of any Foreign State.' This Court has drawn upon principles of sovereign immunity to construe the Amendment to "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.' " Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (*quoting* Employees v. Missouri Dept. of Public Health and Welfare, 411 U.S. 279, 280, 93 S.Ct. 1614, 1615, 36 L.Ed.2d 251 (1973)); see also Pennsylvania v. Union Gas Co., 491 U.S. 1, 29, 109 S.Ct. 2273, 2296, 105 L.Ed.2d 1 (1989) (SCALIA, J., concurring in part and dissenting in part); Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987) (plurality opinion).

Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). This damages immunity reaches out to cover all employees of all agencies of the state for actions taken in their official capacities as well as the state itself. Savage v. Glendale Union High School, Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 (9th Cir. 2003). The "impetus of the Eleventh Amendment is the prevention of federal-court judgements that must be paid out of a state's treasury," Savage, supra, 343 F.3d at 1041, so once it is acknowledged that a defendant in his or her official capacity is, in fact, an agent of the State he is entitled to the same immunity as is the State. In this case it cannot be argued, and need not be tested here, that the California Highway Patrol is an agency of the State and therefore is immune from damages actions, leading to the inexorable conclusion that the court must dismiss that entity from this lawsuit *for section 1983 purposes only* and that it will recommend such.

////

2. *Immunity of CHP Officers (Official Capacity and Individual Capacity)*

As set forth above, *for section 1983 claims,* the Eleventh Amendment precludes suing officers of the State for damages when they are sued in their official capacities as plaintiff does here. Flattum v. California Dept. of Consumer Affairs, 2013 WL 5773103 *2 (E.D.Cal. 2013). Thus the rationale in section 1, supra, applies to the individual defendants in their official capacities as well as the CHP as an entity (again, only for the section 1983 claims). Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).[9]

There is not, however, a protection of these officers from damages insofar as they are sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21, 31 (1991). To seek such damages plaintiff need only show that these officials, acting in their individual capacities, did so under color of state law. Id. at 25. This is so insofar as "a victory against the individual defendant, rather than against the entity that employs him" does not come within the Eleventh Amendment prohibition against monetary damages imposed on a state. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Thus the undersigned will recommend that defendants' Motion to Dismiss the section 1983 claims be granted insofar as the individual defendants are alleged to be sued in their official capacities, but they will remain in the suit in their individual capacities for purposes of a potential award of money damages.

State officials are not, however, shielded from equitable actions, even in section 1983 actions without regard to the fact that any actions they took were taken in their official capacities. As early as 1908 the Supreme Court held that federal courts have the power to enjoin a state official acting in his official capacity from acting in violation of federal law. Ex parte Young, 209 U.S.123, 162-163 (1908). In Edelman v. Jordan, 415 U.S. 651, 664 (2974), the Court iterated the principle found in Young that *prospective relief*, which would include both injunctive and declaratory relief, to prevent violations of the Fourteenth Amendment were not barred. Thus, in the abstract, to the degree that plaintiff purports to sue named state officials acting in their official

---

[9] However, it is of no practical import that both the CHP and defendants in their official capacity can be sued for damages for purposes of Section 2000d. No matter how sliced, the claim is one against the State of California, through its CHP agency, and it can only be sued once no matter how many officials were involved in the alleged tortious acts.

capacities for purposes of seeking declaratory and injunctive relief, the Motion to Dismiss should be denied. However, practical considerations require that only two defendants be named for prospective relief in "official capacity."

### 3. *Injunctive Relief Practical Considerations*

As set forth above, the CHP is a viable defendant for injunctive relief with respect to the section 2000d claim. State individual defendants in their official capacities are viable defendants for section 1983 claims. However, naming all state officers is not necessary for injunctive relief to issue for section 1983 violations. The guiding principle is that a defendant who could effectuate any injunctive relief is the defendant who should be named in his or her official capacity. Thus, CHP is the defendant to be named for injunctive relief purposes pursuant to section 2000d and the Commissioner of the CHP in his official capacity is the defendant who should be named for section 1983 injunctive relief purposes. This case is complicated enough without having further official capacity defendants. No other defendants need be named for injunctive relief purposes.

### D.  *FEDERAL RULE OF CIVIL PROCEDURE 8*

Defendants move to dismiss all claims in that there are insufficient facts alleged. The undersigned disagrees with respect to the federal claims to be retained with the exception that it is clear that all claims pleaded do not apply equally to all defendants. For example, not all individual defendants were involved in initiating stops of plaintiff's vehicle, nor were all defendants involved in any alleged unlawful search. Some named defendants do not appear to be involved at all in any of the allegedly federally precluded actions. The defendants in this case are entitled to fair notice of the claims against them such that they may prepare a defense or move to dismiss the claims against them personally. The court will recommend that the Section 2000d and Section 1983 claims be dismissed with leave to amend so that these problems can be rectified.

In a companion order to this Findings and Recommendations, the court has denied leave to amend the First Amended Complaint as such motion is unnecessary if these Findings and Recommendations are adopted by the district court, i.e., leave to amend will be granted by virtue

of that adoption order. However, for further pleading guidance, the undersigned will issue a separate order regarding the Motion to Amend.

   *E.   Class Action Allegations*

Plaintiff, pro se, may not be both a lawyer for the class and a class representative; plaintiff is not a licensed lawyer who may act for members of the class. See generally, <u>C.E. Pope Equity</u>, 812 F2d 696, 697 (9th Cir. 1987). Specifically, there are legions of cases refusing to permit a pro se class action. See <u>Hilton v. Hightower</u>, 2011 WL 4578508 (E.D. Cal. 2011) (and cases cited therein); <u>Lyons v. Bank of America</u>, 2016 WL 8313925 (D.Nev. 2016).

In light of the foregoing, IT IS HEREBY RECOMMENDED that:

   1.   This case proceed, as further limited below, only on the 42 U.S.C. 2000d (Title VI) claims and the 42 U.S.C. section 1983 claims recommended for retention; all other federal and state claims should be dismissed;

   2.   Defendants' Motion to Dismiss the Section 2000d and Section 1983 claims pertinent to the September 11, 2013 incident, be GRANTED based upon the statute of limitations;

   3.   Defendants' Motion to Dismiss the Section 2000d and Section 1983 claims, as relating to the November 14, 2015 incident, should be DENIED as brought within the statute of limitations by tolling provisions found in California Government Code 945.3; the same Denial should be applied to the February 5, 2016 claims even without tolling consideration;

   4.   Defendant's Motion to Dismiss the plaintiff's state law claims, should be GRANTED for failure to file state administrative claims as required by the California Tort Claims Act;

   5.   Defendants' Motion to Dismiss the California Highway Patrol from the action as a state agency with Eleventh Amendment sovereign immunity from suit be DENIED with respect to section 2000d claims, and GRANTED with respect to Section 1983 claims;

   6.   Defendants' Motion to Dismiss the individual California Highway Patrol defendants be DENIED insofar as they are sued in their individual capacity for section 2000d and 1983claims whereas insofar as they are sued in their official capacity, only the present Commissioner of the California Highway Patrol should be named for section 1983 purposes;

7. Defendants' Motion to Dismiss the entire First Amended Complaint under Federal Rule of Civil Procedure 8 should be GRANTED as plaintiff must plead the specific involvement of each individual defendant with respect to the Section 2000d and Section 1983 claims and plaintiff should be granted leave to amend in this respect;

8. The class action allegations of First Amended Complaint should be STRICKEN without prejudice due to no attorney representation of alleged class members;

This Recommendation is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, or no later than 4:00 p.m. on October 24, 2017, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO RECOMMENDED.

Dated: October 9, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE