UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-000149 JAM GGH<br><br><br>ORDER RE MOTION TO AMEND THE FIRST AMENDED COMPLAINT |

In a Findings and Recommendations regarding Defendant's Motion to Dismiss the First Amended Complaint (FAC) filed concurrently with this order, the undersigned recommended, inter alia, that portions of the FAC be dismissed with leave to amend. Therefore, plaintiff's Motion to Amend the Complaint (see the proposed Second Amended Complaint) is denied as moot (unnecessary). However, for purposes of pleading guidance and to modify the timing requirements for filing an amended complaint, the following order issues.

*Timing*

If the district judge adopts the recommendations in the aforementioned Findings and Recommendations, the filing of the amended complaint shall take place no later than 14 days after the adoption is filed in this court. This deadline modifies and supersedes the 21 days from the court hearing deadline announced orally in court.

1

1  If for any reason, the district judge does not adopt the Findings and Recommendations,
2  plaintiff shall be guided by the district judge's order in terms of when to file an amended
3  complaint.

*Substance*

Pro se complaints are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus a pro se complaint may only be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2015). A pro se plaintiff is, nonetheless, still bound to adhere to the Federal Rules of Civil Procedure in making his claims.

Rule 8 states the general pleading standard in federal courts. That Rule calls for three basic elements that must be included in the initial pleading:

(1)  a short and plain statement of the grounds for the court's jurisdiction;

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief, and entitled to relief against the defendants he names;

(3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although the facts stated in the First Amended Complaint are sufficient generally to underpin plaintiff's theory of relief and meet the plausibility requirement established by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), with regard to what he claims to be an ongoing policy and practice of the defendants that results in a systematic deprivation of equal protection to him, he does not state with any specificity what actions each of the named defendants performed, other than those described with regard to Defendant Wesley J. Fish, that resulted in a deprivation of his rights, and that serve as a sufficient underpinning for his plea for declaratory and injunctive relief. In any amended complaint, plaintiff must delineate a factual basis for the naming of each defendant, clearly and succinctly, in order to sustain his claim to a right to recover damages for his purported injury. It is insufficient to allege in a claim that all defendants at all times contributed to all deprivations if this is not factually accurate. Plaintiff may desire to separately plead the facts of each of the actionable incidents that are permitted to go forward, i.e. the

November 2014 incident and the February 2016 incident, to make his allegations more clear.

The court expresses no opinion as to whether that claim for damages will survive as to all or any of the defendants, but they can be retained in the action if plaintiff can allege specific acts engaged in by each of them that are relevant to his claim and allow this matter to survive until it can be tested either by way of trial or summary judgment.[1]

Plaintiff shall also be guided by the discussion in the Findings and Recommendations, if adopted, regarding the naming of defendants for injunctive relief purposes, i.e., the CHP for 42 U.S.C. 2000d claims, and the present Commissioner of the CHP for 42 U.S.C. section 1983 claims. No other defendants in their official capacity shall be named for injunctive relief purposes.

Unless and until plaintiff becomes represented by a lawyer, no class action may be pursued in this case.

In light of the foregoing IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Amend the First Amended Complaint, i.e., file his proposed Second Amended Complaint, ECF, 23, is dismissed as moot (unnecessary);

2. Plaintiff shall file any amended complaint after adoption, or not, of the Findings and Recommendations regarding Defendants' Motion to Dismiss in compliance with the timing provisions of this order or a superseding district judge order.

**IT IS SO ORDERED**.

Dated: October 9, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] For reasons known only to plaintiff, he greatly truncated the recitation of facts in the proposed Second Amended Complaint. In filing an amended complaint pursuant to this order, plaintiff shall be guided by the pleading advice in this order, i.e., sufficient facts must be plead to support each of plaintiff's claims against each defendant. The proposed Second Amended Complaint is deficient in this respect.