| | |
|---|---|
| KIM EDWARD ROGERS, | No. 17-cv-00149 JAM-GGH |
| Plaintiff, | |
| v. | ORDER |
| M. RICHARD CHP Captain Commander, et al. | |
| Defendant. | |

*PROCEDURAL BACKGROUND*

Plaintiff, appearing in pro se and in forma pauperis, filed this civil rights complaint on January 24 2017, seeking damages for allegedly having been arrested and incarcerated in violation of his federal Constitutional rights under the Fourth and Fourteenth Amendments. ECF No 1. On October 5, 2017 a hearing was held on defendants' Motion to Dismiss plaintiffs complaint pursuant to Federal Rules of Civil Procedure 12(b)(1)(lack of federal jurisdiction) and, in the alternative 12(b)(6)for failure to state a claim or adhere to the requirements for federal pleading found in Rule 8, that the action was barred pursuant to the statute of limitations, and further moved to strike pendent State claims on the ground that plaintiff had failed to exhaust his remedy under the State Tort Claims Act. ECF No. 30. In an Order and Findings and Recommendations filed on October 10 2017 this court recommended that plaintiff's claims under 42 U.S.C. section 200d and his 28 U.S.C. section 1983 claims be dismissed with leave to amend as to claims arising from the November 14, 2015 incident discussed in the Complaint and those

1

claims based upon an earlier, 2013, incident be dismissed without leave to amend upon the adoption of the recommendation by the district court. All other federal and state claims were recommended for dismissal without leave as well. ECF No. 43. Plaintiff was directed in this Order that he must plead the specific actions of each individual defendant with respect to the preserved civil rights claims under sections 2000d and 1983. Id. The matter was then referred to the district court judge assigned to the case. Id. The parties were given fourteen (14) days – until October 24, 2017, to file any objections to the Order and Findings and Recommendations. No objections were filed by either plaintiff or defendants. Plaintiff has also noticed a Motion for Preliminary Injunction on the same December 7 calendar. ECF No. 40.

## *DISCUSSION*

Despite the fact that the plaintiff's Complaint is in a sort of legal limbo, awaiting review and decision by the district court, defendants filed a new motion to dismiss based upon the allegations in the Complaint that is awaiting the district court's adoption or rejection of the Order and Findings and Recommendations. Thus the Motion is premature – the district court may refuse to adopt this court's recommendations, it may issue a wholly new Order based on its mandatory review of the file in the course of its consideration that would end the lawsuit, or it could adopt the recommendations in which case plaintiff would be required to file an Amended Complaint in conformity with the Order of October 10, 2017. Until these events have occurred the Motion to Dismiss is not ripe for review. For the same reasons plaintiff's Motion for Preliminary Injunction is also premature.[1]

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss, ECF, No. 49, is VACATED as premature;
2. Plaintiff's Motion for Preliminary Injunction, ECF No. 40, is VACATED as premature;

////

---

[1] The undersigned also observes that the likelihood of any irreparable harm to plaintiff is minimal in that plaintiff has apparently not been stopped by defendants, or a person acting on their behalf, since 2016.

2

3. These matters will not be heard on the court's December 7, 2017 hearing calendar.

**IT IS SO ORDERED.**

Dated: November 27, 2017

<u>/s/ Gregory G. Hollows</u>  
UNITED STATES MAGISTRATE JUDGE