UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>M. RICHARD, CHP Captain Commander, et al.,<br><br>Defendants. | No. 2:17-cv-00149-JAM -GGH<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

*BACKGROUND*

A hearing was held on the first motion to dismiss on October 5, 2017, ECF No. 38. The Magistrate Judge advised the parties that Findings and Recommendations would be issued expeditiously, and they were filed 4 business days later. These Findings and Recommendations recommended:

1. This case proceed, as further limited below, only on the 42 U.S.C. 2000d (Title VI) claims and the 42 U.S.C. section 1983 claims recommended for retention; all other federal and state claims should be dismissed;

2. Motion to Dismiss the Section 2000d and Section 1983 claims pertinent to the September 11, 2013 incident, be GRANTED based upon the statute of limitations;

3. Defendants' Motion to Dismiss the Section 2000d and Section 1983 claims, as relating to the November 14, 2015 incident, should be DENIED as brought within the statute of

1

limitations by tolling provisions found in California Government Code 945.3; the same Denial should be applied to the February 5, 2016 claims even without tolling consideration;

  4. Defendant's Motion to Dismiss the plaintiff's state law claims, should be GRANTED for failure to file state administrative claims as required by the California Tort Claims Act;

  5. Defendants' Motion to Dismiss the California Highway Patrol from the action as a state agency with Eleventh Amendment sovereign immunity from suit be DENIED with respect to section 2000d claims, and GRANTED with respect to Section 1983 claims;

  6. Defendants' Motion to Dismiss the individual California Highway Patrol defendants be DENIED insofar as they are sued in their individual capacity for section 2000d and 1983 claims whereas insofar as they are sued in their official capacity, only the present Commissioner of the California Highway Patrol should be named for section 1983 purposes;

  7. Defendants' Motion to Dismiss the entire First Amended Complaint under Federal Rule of Civil Procedure 8 should be GRANTED as plaintiff must plead the specific involvement of each individual defendant with respect to the Section 2000d and Section 1983 claims and plaintiff should be granted leave to amend in this respect;

  8. The class action allegations of First Amended Complaint should be STRICKEN without prejudice due to no attorney representation of alleged class members. ECF No. 4

  Unfortunately, plaintiff did not even await these Findings and Recommendations, much less a district judge adoption order, but on the same day the Findings etc. were issued, plaintiff filed his Second Amended Complaint. While plaintiff understood from the hearing the gist of what the Findings etc. would encompass, some miscues were repeated in the Second Amended Complaint. On December 20, 2017, in ECF No. 56, the District Judge adopted in full those Findings. Thus, these Findings will repeat the rulings on plaintiff's repeated mistakes and the law of the case will be enforced.

  Defendants responded with another motion to dismiss filed on January 8, 2018 which it

////

////

set for hearing on February 15, 2018. ECF No. 57.[1] On February 7, 2018 the court vacated the calendar and took this matter under submission. With respect to the statute of limitations, defendants have essentially repeated their first Motion to Dismiss with respect to the Second Amended Complaint, except that they have limited it to the Section 2000d claim. However, defendants have also properly noted that there are insufficient charging allegations brought against most of the individual defendants. These Findings and Recommendations will hopefully resolve the pleading stage once and for all, and law of the case will play a primary role in this adjudication. If these Findings are adopted, there will be no further amendments to the pleadings permitted, and it will be recommended that an answer be filed.

Plaintiff's Motion for a Preliminary Injunction will be adjudicated separately.

*DISCUSSION*

A. *Law of the Case*

Under the "law of the case" doctrine "a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the identical case." *Quoting* Thomas v. Bible, 983 F.2d 152, 154 (9th Cir 1993); U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). Though the doctrine is not a limitation on the court's power, it is a guide to discretion, Arizona v. California, 460 U.S. 605, 618 (1983), and the court may exercise its discretion to abrogate the law of the case only under circumstance where the first decision was clearly erroneous, a change in the law has occurred, substantially different evidence is offered, other circumstances exist, or a manifest injustice would otherwise result. Alexander, supra,106 F.3d at 877. Unless one of these conditions is met, failure to apply the doctrine constitutes an abuse of discretion. Thomas v. Bible, supra, 983 F.2d at 155. See also United States v. Phillips, 367 F.3d 847, 856 (9th Cir. 2004); Coleman v. Brown, 2017 WL 4511064 *10 (E.D.Cal. 2017).

In a case such as the instant one where a decision has been rendered that decision "should continue to govern the same issues in subsequent stages of the same case." United States v. Park Place Associates, Ltd., 563 F.3d 907, 925 (9th Cir. 2009); see also United States v. Almazan-

---

[1] Defendants had also earlier filed a motion to dismiss the Second Amended Complaint prior to adoption of the Findings and Recommendations which hearing date was vacated. After adoption, the presently pending Motion to Dismiss was filed.

3

Becerra, 537 F.3d 1094, 1096-1097 (9th Cir. 2008).  In this way "[t]he doctrine serves to advance the 'principle that in order to maintain consistency during the course of a single lawsuit, reconsideration of legal questions previously decided should be avoided.'" SAS v. Sawabeh Information Services Co., 2015 WL 12763541 (C.D.Cal. 2015) *quoting* United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986); see also Messenger v. Anderson, 225 U.S. 436, 444 (1912).

B.  *Claims and Defendants Not Appropriate for the Second Amended Complaint*

The previous Findings and Recommendation, adopted by the District Court, clearly held that the 2013 incident was barred by the pertinent statute of limitations.  ECF No. 43 at 3.  There is no reason given to divert from this ruling.  Thus, although the 2013 incident may be used as evidence of a pattern and practice, if there is indeed one, it may not be a claim.  The 2013 claim should be finally dismissed.[2]

Defendant, Joseph Farrow, a former Commissioner of the California Highway Patrol, is sued in his official capacity only.  However, there is no official capacity for a person no longer employed with the agency, i.e., he would be powerless to effectuate an injunction if one were to be issued.  This defendant should be finally dismissed.

Defendant, Michael Richard, former head of the South Park Office, and sued in his official capacity only is also an ex-employee.  As such, he should be dismissed as an unnecessary defendant.

Plaintiff perfunctorily lists again the Omnibus Crime Control and Safe Streets Act as a basis for a claim.  After plaintiff indicated at hearing that he was not pursuing any type of claim pursuant to the Omnibus Safe Streets Act, the claim was dismissed.  It should remain so.

C.  *Defendants' Motion to Dismiss*

Defendants again move to dismiss the section 2000d[3] claim (but not the section 1983

---

[2] It is not entirely clear that plaintiff meant to replead the 2013 incident. Although he did list that incident as a grounds for his Second Amended Complaint, ECF No. 42, Section III A, plaintiff does not further allege that incident as a ground for his action. Rather; he mentions it as just an evidentiary backdrop. In any event, the claim itself should be dismissed as barred by the statute of limitations.

[3] For reasons that are unclear, plaintiff deleted the California Highway Patrol as a defendant, which would have been an appropriate defendant for the 2000d claim. Nevertheless, the Acting

4

claim) based on the statute of limitations. Dismissal on this ground was denied in the previous round of motions, with respect to the 2014 and 2016 claims. There is no sufficient cause under the law of the case doctrine to review it again here.

Defendants again move to dismiss individual defendants sued in their individual capacities as being inappropriately sued on account of insufficient charging allegations. The First Amended Complaint was dismissed with leave to amend for the purpose, *inter alia*, to facilitate making sufficient allegations against the individual defendants. Defendants Kent, Thompson, Nichols, Williams, Vasilou (investigator), Koon and Bertola are simply named as officers who appeared for one reason or another *after* the alleged racially profiled traffic stops.[4] Plaintiff believes that these defendants should have done something to remedy the alleged unconstitutional stop, and racial profiling is the gist of the entire Second Amended Complaint. While in some situations it is true that state actor defendants can be held liable for simply allowing an unconstitutional action to take place while they view it, Cunningham v. Gates, 229 F.3d. 1271, 1289-90 (9th Cir. 2000), the undersigned is unaware of any case which constitutionally mandates after-incident-appearing defendants, even if supervisors, to remedy what took place before they appeared at the scene, e.g., perform some type of on-the-spot adjudication about the propriety of the traffic stop, and release the person stopped without charges. See also, Nicholson v. Delgadillo, 2014 WL 1612624 *6 (D. Idaho 2014). These named defendants should be dismissed.

The situation is different for defendants Fish and Matthews. Plaintiff alleges that he was not violating the law when stopped by these CHP officers. He believes, therefore, that an inference can be drawn that the stop must have been based on racial profiling, and alleges that it was the policy of the CHP to racially profile based on his experience in South Sacramento. Short of providing exhibits, admissions, statistics, and witness statements -- all of the things discovery might uncover -- the undersigned is unsure of what defendants expect sufficient allegations to be. If racial profiling occurred, it will seldom be accompanied by a direct admission by the officer

---

CHP Commissioner, sued in his official capacity is, for the purposes of injunctive relief, one and the same as the CHP.

[4] Not all of these defendants have been served. However, these defendants can be dismissed on the same grounds as the served defendants.

5

involved such as "Yeah, I stopped you because you are African American." Discrimination suits generally involve much more of a hidden, inferred intent situation which must be assessed in light of all the facts and circumstances.

Nor can pointing the court to the CHP manual, which prohibits racial profiling, dispose of the case as a matter of law. ECF No. 58, 59. Even assuming that judicial notice could be taken of this outside-the-pleadings document at the motion to dismiss stage, the court cannot find as a matter of law that all officers religiously follow the manual, or that the manual itself obliterates any unstated policy about racial profiling. If all that were required to dismiss a racial profiling case was a statement in a manual providing the directive—don't do it—no racial profiling case would ever leave the pleading stage.

Yes, racial profiling allegations are easy to make, and it takes a great deal of time and resources to disprove them. That is our litigation system.

However, defendants' counsel avers in the motion to dismiss that Christopher Matthews has not been served, and more importantly, Sgt. Matthews is deceased. The undersigned does not find that a suggestion of death should have been filed as Sgt. Matthews was never served. Unless plaintiff can provide proof to the contrary in any objections that might be filed, Sgt. Matthews should be dismissed.

Finally, defendants argue in tandem that no preliminary injunction should issue, and that injunctive relief generally is inappropriate for the case. The matter of a preliminary injunction will be separately adjudicated. Whether injunctive relief is generally appropriate can await later developments in the case. The Acting CHP Commissioner, Warren Stanley, in his official capacity, should remain in the case.

*CONCLUSION*

In light of the foregoing IT IS HEREBY RECOMMENDED that:

1. Any Omnibus Crime Control and Safe Streets Act claim should be finally dismissed;

2. Any claim based on the alleged 2013 racial profiling stop should be finally dismissed;

3. Joseph Farrow and Michael Richard, sued only in their official capacity, should be finally dismissed;

4. Defendants Kent, Thompson, Nichols, Williams, Vasilou (investigator), Koon and Bertola should be finally dismissed;

5. Deceased defendant Matthews should be dismissed;

6. The Motion to Dismiss the 2000d allegations based on the statute of limitations should be denied;

7. Defendants Stanley, official capacity, and Fish, individual capacity, should remain as defendants in this case.

8. No further amendments should be permitted; an answer to the surviving allegations and claims should be filed by the remaining defendants.

9. ECF No. 57 is resolved.

Dated: March 7, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE